*Birchard, J.
In this case the question is, did defendants report the capital employed by them, as required by law? The agreed statement shows that they did not, unless their capital, within the meaning of the act, was $2,500, instead of $5,000, for the agreed ease shows that they refused to allow the auditor to -certify the latter sum to the treasurer. It follows that if $2,500 was not the capital employed, there has been no such report as the law requires. This brings us to a consideration of what is meant by the words, “ capital by him employed,” as used in section 5. Swan’s Stat. 908. The plaintiff claims they mean the .amount of goods with which the trade has been commenced. The defendants claim that the average value of stock on hand during the year was the sum to be entered for taxation. Whatever may .be the rule of estimating merchants’ capital, under other sections of the statute, it appears to us that, under section 5, there can be little doubt but the legislature intended the merchant should report the aetual value of the goods with which he commenced trade. Whether obtained on a creditor for cash, it is his capital; he employs it in trade.
No matter into what form ho may change it, whether into money, book accounts against customers, or the produce of the ■country, or if ho retain it upon the shelves of his store, it still, in all its varied forms, is capital employed by him, and within the year of his commencement. Had the legislature designed to require only the sum that might be continued, at all times, on hand during the year, or only the average amount of the capital employed, the reasonable presumption is, that words more appropriate to convey that meaning would have been used. Such as “ the .average of capital intended to be employed until the next annual assessment.” But they say “ the amount by him employed.” When ? The natural reply would be, at the time when required to report. Not the sum he intends to use in future, or may prob *367 ably employ prior to the next assessment, but what he begins with, or may have at the end of the month when required to make ■his report. It is *not contemplated that this report should be a matter of conjecture on the part of the merchant, but one of facts as they then existed. Judgment for plaintiff.